45 F.3d 423
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Dennis G. BEZANSON, Trustee of Estate of Unitex, Inc.,
Plaintiff, Appellee,
v.
FLEET BANK OF NEW HAMPSHIRE, Defendant, Appellant.
 No. 94-2015
 United States Court of Appeals,
First Circuit.
 Jan. 4, 1995
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Paul J. Barbadoro, U.S. District Judge ]
 Francis L. Cramer, Valerie A. Walsh, Sullivan & Gregg, on brief for appellant.
 Graydon G. Stevens, Kelly, Remmel & Zimmerman, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In March 1993, a jury returned a verdict in favor of appellee Dennis Bezanson, trustee of the estate of Unitex, Inc., in his suit against Fleet Bank-NH, successor of Indian Head National Bank. Bezanson alleged that Indian Head had violated its duty under New Hampshire law by failing to dispose of the assets of Unitex in a commercially reasonable manner. The jury awarded the trustee $379,779.21 in damages. Upon Fleet's post-trial motion for judgment as a matter of law, the district court held that, although sufficient evidence supported the finding of liability, Fleet was entitled to judgment as a matter of law because the trustee had not proven damages with "reasonable certainty." On appeal, this court held that the evidence was adequate to support the jury verdict both as to the issue of liability and that of damages. It therefore reversed the judgment and remanded the matter to the district court for further proceedings. Bezanson v. Fleet Bank-NH, 29 F.3d 16 (1st Cir. 1994). Fleet then moved in the district court for a new trial on the ground that there was insufficient evidence to support the verdict. The motion was denied and Fleet now appeals.
 
 
 2
 Fleet is correct that this court's decision that it was not entitled to judgment as a matter of law does not preclude Fleet's prevailing on its motion for a new trial in the district court. A "district court may order a new trial even where the verdict is supported by substantial evidence." Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994) (emphasis in original). On the other hand, "there is no rule that the district court must do so." Id. (emphasis in original). Rather, the decision rests in the discretion of the trial court and this court will reverse a denial of a motion for a new trial "only in a very unusual case," id. (citations omitted), where the "verdict is so clearly mistaken, so clearly against the law or the evidence, as to constitute a miscarriage of justice," Levesque v. Anchor Motor Freight, Inc., 832 F.2d 702, 703 (1st Cir. 1987). Furthermore, when the motion for a new trial rests on the claim that the evidence was insufficient to support the verdict, a denial of a motion for a new trial is reviewed by a standard "essentially coterminous" with that used in reviewing a judgment as a matter of law. Lama, 16 F.3d at 477; Levesque, 832 F.2d at 703 (in reviewing denial of a new trial, appellate court considers "relevant testimony in the light most flattering to the appellees and draw[s] all legitimate inferences in their favor"); Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 741 (1st Cir. 1982) (motion for a new trial based on insufficiency of evidence "is subject to a standard of review as strict as that for a [judgment as a matter of law]"), cert. denied., 459 U.S. 1105 (1983).
 
 
 3
 We have reviewed the record in this case, the judgment of the district court and the parties briefs. Essentially for the reasons stated in our earlier opinion in which we held that Fleet was not entitled to a judgment as a matter of law, Bezanson v. Fleet Bank-NH, 29 F.3d 16, we find that the jury verdict was not a "miscarriage of justice." Therefore, the judgment of the district court is summarily affirmed. See 1st Cir. Loc. R. 27.1. Appellee's request for sanctions is denied.